**In the United States District Court
for the District of Colorado**

Case No. 1:20-MJ-00167

UNITED STATES OF AMERICA

      Plaintiff

v.

MAMADOU KOUYATE

      Defendant

---

## Mr. Kouyate's Reply Brief

---

      David S. Kaplan, of the law firm Haddon, Morgan and Foreman, P.C., submits *Mr. Kouyate's Reply Brief* to the *Government's Brief* addressing the quantum and quality of evidence presented at the preliminary hearing. Mr. Kouyate contends that the court does not have sufficient evidence to allow his continued prosecution on the count in the Complaint.

### Procedural History

      Mr. Kouyate was charged in a one count Criminal Complaint with violation of 18 U.S.C. Section 922(a)(6) and 924 (a)(2), for knowingly making a false statement when purchasing a firearm. A preliminary hearing was held, by video conference, on December 1, 2020. The government called one witness, Agent Lee Schoenike. After testimony and argument, the court requested briefing on the issue of whether a buyer of a firearm provides a false statement if after purchasing the weapon he subsequently disposes of it in a manner inconsistent with the requirements of §922(a)(6).

### Facts

      The government presented Agent Schoenike as its only witness at the preliminary hearing. The facts adduced by his testimony were almost exclusively those contained in the *Affidavit in Support of Complaint and Arrest Warrant* filed with the court. The facts contained in the affidavit, relevant to the court's inquiry, reveal that Mr. Kouyate had purchased thirteen 9mm pistols from Liberty Firearms, a federal firearms licensee, in Denver, on January 19, 2019. When asked on ATF Form 4473 if he was the "actual transferee/buyer of the firearm(s) listed on the form?" he checked "yes."

On January 25, 2019 Mr. Kouyate's wife, Carmara Kouyate, was detained in the Minneapolis Airport after 3 of the pistols were recovered in her luggage while traveling to Mali, Africa. Upon questioning Ms. Kouyate stated that her husband had purchased the guns and instructed her to leave them with her brother-in-law in Mali to be used for his protection.

Mr. Kouyate was interviewed by the United States Citizenship and Immigration Office and took full responsibility for having purchased the guns found with his wife, also admitting he told her to give the guns to his brother. He further explained that Mali is a dangerous place, and they were to be used for protection. He also expressed a desire to start a gun club in Mali.

The affidavit includes unsubstantiated statements regarding the black-market trafficking of firearms in Mali and the turmoil present in the country. [1]

## Argument

The government has cited a wonderfully appropriate decision to provide the court guidance as it makes its decision on whether the evidence supports probable cause for a violation of 18 U.S.C. §922(a)(6). *Abramski v. United States*, 143 S.Ct. 2259 (2014) settles a conflict in the districts as to what criminal liability is needed for a §922(a)(6) violation when a purchaser is buying for someone else. What should be to the government's dismay is it does not support their position.

The facts of the case disclose that the defendant, Mr. Abramski, offered to buy his nephew a Glock 19 handgun. Accepting the offer, his nephew sent a check for $400, with "Glock 19 handgun" written on the memo line. The dealer sold Mr. Abranski the gun, he deposited the check, and transferred the firearm to his nephew. A true "straw" purchase. A colorful example used in the opinion to demonstrate a similarly illegal sale is where a straw purchaser bought a car in his name but with his brother's money, a known bootlegger, and transferred it right after driving off the lot. *United States v. One 1936 Model Ford V-8 De Lux Coach, Commercial Credit Co.*, 307 U.S. 219, 89 nS.C.t 861 (1939).

An individual who buys a gun and then sells it is of a different sort. Someone who sends a straw to a gun store to buy a firearm is transacting with the dealer differently then a person who buys a gun or receives a gun as a gift from a private party. *Abramski* at 186. The statute requiring affirmation that you are the "buyer" is not meant to control the

---

[1] This testimony should be given little if any weight since it was introduced by a witness, referring to an affidavit of an affiant who is recounting a telephone interview with a State Department Regional Security Officer. How many steps removed before we decide that in a federal courtroom the quality of evidence should not be quite so circuitous.

secondary market—what happens to the gun after it is bought.  No evidence was presented that supports Mr. Kouyate having been sent in to purchase a firearm by and for another individual.

Having been brought before the court on an information Mr. Kouyate is provided the benefit of a preliminary hearing to determine if probable cause exists to continue with the prosecution.  This right is rooted in the 4th Amendment to the United States Constitution and requires the probable cause be determined by a neutral and detached magistrate rather than relying on "officers engaged in the often competitive enterprise of ferreting out crime." *Gerstein v. Pugh*, 95 S.Ct.854 (1975) quoting *Johnson v. United States*, 68 S.Ct. 367,369 (1948).

## Conclusion

The appropriate inferences from the evidence before the court is that Mr. Kayoute was the "buyer' when purchasing the firearms from a licensed firearm dealer.  Whatever other offenses he may have been committing making a false statement to a federal licensed dealer in violation of §922 (a)(6) was not one of them.  Having failed to establish probable cause that Mr. Kayoute committed an offense it is incumbent on the court to dismiss the complaint and discharge the defendant. F.R.Cr.P. 5.1(f).

December 11, 2020

Respectfully submitted,

*s/ David S. Kaplan*
David S. Kaplan
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Tel 303.831.7364
dkaplan@hmflaw.com
*Attorneys for Defendant Mamadou Kouyate*

3

**Certificate of Service**

      I hereby certify that on December 11, 2020, I electronically filed the foregoing *Reply Brief* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Jason Antoine St. Julien
U.S. Attorney's Office
1801 California Street
Suite 1600
Denver, CO 80202

          *s/ Stephanie Poole*

4